**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 5 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA TORRES MENDOZA, | No.    12-73127 |
| Petitioner, | Agency No. A078-748-476 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017**

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Martha Torres Mendoza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her motion to suppress evidence and

terminate removal proceedings, and ordering her removed.  We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress, and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err in denying Torres Mendoza's motion to suppress evidence and terminate proceedings, because *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009), forecloses her contention that her statements to immigration officials at the border were obtained in violation of 8 C.F.R. § 287.3(c). Torres Mendoza urges us to reconsider our holding in *Samayoa-Martinez*, but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011). We also reject Torres Mendoza's contention that *de Rodriguez-Echeverria v. Mukasey*, 534 F.3d 1047 (9th Cir. 2008) controls the result of her case.

To the extent Torres Mendoza contends the agency erred or violated her due process rights by admitting into evidence her statements to immigration officials, this contention fails because the statements were probative and their admission was fundamentally fair. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien."); *Lata v. INS*, 204

F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**